UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM E. LAGERWEY,

                Petitioner,

v.

DOUGLAS COLE,

                Respondent.

Case No. C09-1567 MJP

**ORDER OF DISMISSAL**

This matter comes before the Court on Petitioner's objections to the Report and Recommendation ("R & R") from United States Magistrate Judge James P. Donohue. Having reviewed the R & R (Dkt. No. 19), Petitioner's objections (Dkt. No. 20), and the balance of the record, the Court hereby ADOPTS the R & R, DISMISSES Petitioner's habeas corpus petition, and DENIES the issuance of a certificate of appealability. Petitioner's pending motion for appointment of counsel is DENIED as MOOT. (Dkt. No. 21.)

**Analysis**

A.    <u>Habeas Corpus Petition</u>

Petitioner contends that the R & R incorrectly calculates and applies the statute of limitations applicable to her habeas corpus petition. There is no such error.

Petitioner did not file her habeas corpus petition within the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The statute of limitation begins from "the date on which the judgment became final by the conclusion of direct review or the expiration for the time seeking such review." 28 U.S.C. § 2244(d)(1)(a). Here, the statute of limitations began on February 28, 2005 given that Petitioner did not file a direct appeal of the trial court's judgment and sentencing entered at that time. (Dkt. No. 19 at 1.) Four years and eight months then passed before Petitioner filed her habeas corpus petition on October 30, 2009.

Petitioner contends that tolling applies to the statute of limitations for her habeas corpus petition. The statute of limitations can be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is properly filed when its delivery and acceptance comply with the applicable laws and rules for filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Such laws and rules usually govern the form of the document, the time limits upon the application's delivery, the court and office in which the application must be filed, and the requisite filing fee. Id. A properly filed application, however, can be an application that raises claims which are mandatorily and procedurally barred. See id. at 8-9 (suggesting that an application could be properly filed despite not complying with mandatory state-law procedural requirements that would bar review of that application's merits). While it can exclude the time during which a properly filed application is pending, § 2244(d)(2) does not reset the statute of limitations. See, e.g., Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999) (finding that a petitioner had used 314 days before statutory tolling took effect, and then had fifty-one days after tolling ended to file his federal habeas petition before the limitations period expired).

Although Petitioner is entitled to tolling, Petitioner did not file her habeas corpus petition within the statute of limitations. (Dkt. No. 19 at 5.) Tolling began when Petitioner filed her first motion to withdraw her guilty plea in compliance with RCW 10.73.090. RCW 10.73.090 requires that a party file a motion for collateral attack on a judgment and sentence in a criminal

case within one year after judgment becomes final. Petitioner filed her first motion to withdraw her guilty plea on December 20, 2005, less than one year after her judgment and sentencing on February 28, 2005. (SCR, Ex. 3.) Petitioner thus began statutory tolling when she timely and properly filed her first motion to withdraw her guilty plea on December 20, 2005. Respondent argues that Petitioner is not entitled to tolling because she did not properly file her first motion after waiving her right to appeal or pursue collateral attack. This is incorrect. "[T]he only permissible interpretation of [§ 2244(d)(2)]" is that tolling is available even for an application that contains claims that are procedurally barred so long as the application complied with filing rules. Artuz, 531 U.S. at 10. Here, Petitioner's motion complied with all applicable filing rules. The Court excludes from December 20, 2005 through October 31, 2008, the time during which she had a pending motion to withdraw her guilty plea and a PRP. Petitioner had nine months between entry of judgment on February 28, 2005 and the filing of her motion to withdraw her guilty plea on December 20, 2005, as well as another twelve months in between the Washington Court of Appeal's certificate of finality on October 31, 2008 and Petitioner's habeas corpus petition on October 31, 2009. Petitioner thus did not meet the one-year statute of limitations for her habeas corpus petition, even with tolling. The R & R did not err in this regard.

B.    Certificate of Appealability

A certificate of appealability is given if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant shows such denial by "demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Respondent argues that the Court should deny Petitioner a certificate of appealability, because no reasonable jurist could disagree with dismissing her habeas corpus petition on the basis of her not filing within the statute of limitations. The Court agrees, given that Petitioner

1  did not file within the one-year statute of limitations or show that there was sufficient tolling that
2  would have put her petition within the limitations period.

### Conclusion

The Court ADOPTS the R & R and DISMISSES Petitioner's habeas corpus petition, which is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). The Court DENIES the issuance of a certificate of appealability as no reasonable jurist could disagree with dismissing Petitioner's habeas corpus petition which does not meet the statute of limitations. Because the Court dismisses Petitioner's habeas petition, the Court also DENIES as MOOT Petitioner's motion for appointment of counsel.

The Clerk shall transmit copies of this Order to Petitioner and Magistrate Judge James P. Donohue.

Dated this 12th day of July, 2010.

Marsha J. Pechman
United States District Judge